# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLOMBIA

Telly Guillory
  Plaintiff

v.

George W. Bush et al
  Defendants

Docket No: 07-00780(HHK)

**RECEIVED**
JUL 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

NOW INTO COURT comes Telly Guillory pursuant to Rules (15)a and 19(a) Fed. R. Civ. P. requests leave to file an amended complaint adding:

(1). Jurisdiction pursuant to 42 U.S.C. § 1986

(2). The Unconstitutionally of the customary standards relied on by the Courts in Jackson v. Virginia, and In re Winship

This Court should grant leave freely to amend a complaint before an Answer Fed. R. Civ. Pr. Rule 15

Respectfully submitted,

Telly Guillory #320441
Telly Guillory #320441

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been mailed to Honorable Nancy Mayer Whittington, Clerk of Court. 333 Constitution Ave. N.W. Washington D.C. 20001, by U.S. mail postage prepaid this ___11th___ day of ___July___, 2007.

/s/ Telly Guillory #328441
Telly Guillory #328441

## SUPPLEMENTAL COMPLAINT

The reasonable doubt standard is per se a correct standard of proof according to the Courts in In re Winship 90 S.Ct. 1068 (1970) and Jackson v. Virginia. 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 61 L.Ed. 2d 560 (1979). Plaintiff however posits that the standard requiring proof "beyond a reasonable doubt" is unconstitutional on its face. In making this particular argument plaintiff will show how the Courts were well aware back in the past that the Constitution nor the Bill of Rights did not give them nor Congress the power to create and institute a judicial standard of proof in criminal trials. Further, they were aware that there was always in litigation a margin of error in the factfinding process in criminal trials that could subject future defendants to irreparable injury.

Nevertheless, to make matters feasible only to the state and Federal government, the court left the door wide open for prosecutors to show favoritism to victims by using tactics such as, bringing false charges, perjured testimonies, faulty evidence, or no evidence at all to sufficiently satisfy his burden of proof and convince a trier of fact that a crime was committed. These problems are inherent in the American scheme of justice and as a result of this bogus and self-serving, self-opinionated and destructable standard it has become the custom of the courts to favor the prosecutor.

In the case at bar the prosecutor failed to provide the jury with sufficient or credible evidence to prove officer David Ross consciously allowed himself to stand in harms way to be injured or otherwise. There is

nothing in the criminal law which says a person can accuse another for injury they willingly and voluntarily allowed to happen upon them in order to seek to recover some justice.

Plaintiff contends that the current standard of proof conferred on the prosecutor is a violation of his due process rights under the 5th and 14th Amendment to both the State and Federal Constitution in that it creates a liberty interest. He makes this assertion on the grounds expressed by Justice Black in his dissenting opinion in In re Winship. There the justice acknowledge that "The Constitution thus goes into some detail to spell out what kind of trial a defendant charged with crime should have, and I believe the court has no power to add to or subtract from the procedures set forth by the Founders." p.1079.

In the case sub judice, the defendants were faced with a serious dilemma i.e. either abide by the constitution and correct an obvious error or refuse to do so. They have, as a result of their actions, and inactions, prevented plaintiff from ever having his case adequately and properly heard under the applicable means afforded all other prisoners. These acts by the defendants is exactly the problem that justice Black envisioned in In re Winship. The reasonable doubt standard today in effect does not strictly bind the courts to its applicability, there is no guarantee and it gives the Courts the ability to unfairly administer justice for personal and nonjudicial reasons as evidenced herein.

For these reasons plaintiff contends that the defendants have deliberately conspired to participate in a secret scheme to violate the constitution, and they should be entitled to only derivative immunity pursuant to 42 U.S.C. § 1986. and for being favorable towards C.O. P.O. and other government officials.

Respectfully submitted

*[signature]*