## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**TELLY GUILLORY,**
                    **Plaintiff**


        **v.**                                    **Civil Action 07-00780 (HHK)**


**GEORGE W. BUSH, JR., et al.,**
                    **Defendants**


### MOTION TO DISMISS ON BEHALF OF THE STATE OF LOUISIANA, GOVERNOR KATHLEEN B. BLANCO, THE LOUISIANA PARDON BOARD, LOUISIANA SUPREME COURT, the LOUISIANA FIRST CIRCUIT COURT OF APPEAL  and THE LOUISIANA 20TH JUDICIAL DISTRICT COURT


**NOW INTO COURT**, through undersigned counsel, come defendants, the State of Louisiana, Governor Kathleen B. Blanco, the Louisiana Pardon Board, the Louisiana Supreme Court, the Louisiana First Circuit Court of Appeal and the 20th Judicial District Court of the State of Louisiana, appearing solely for the purpose of this motion to dismiss the claims against them, based on the following provisions of Federal Rule of Civil Procedure 12:

1.

Service of process was legally insufficient and invalid as to the defendants, as plaintiff purported to serve these state entities and the Governor of the State of Louisiana by certified mail, therefore the claims against them should be dismissed pursuant to FRCP 12 (b) (5).

2.

This Court lacks subject matter jurisdiction over the claims herein based on the *Rooker-Feldman* doctrine.

3.

The plaintiff's claims are barred by the application of Eleventh Amendment immunity.

4.

This Court lacks personal jurisdiction over any named defendants in their individual capacities and therefore the claims against them should be dismissed pursuant to FRCP 12 (b) (2).

5.

The claims against any individual Louisiana state court judges, state appellate court judges or Louisiana Supreme Court justices are barred by judicial immunity.

6.

The Louisiana First Circuit Court of Appeal and the 20th Judicial District Court of the State of Louisiana are not entities with procedural capacity to sue or be sued and therefore no judgment can be validly rendered against them.

7.

The plaintiff's original and amended complaints fail to state a claim upon which relief can be granted against any defendants sued in their official capacities, because they are not "persons" for the purposes of 42 U.S.C. 1983 liability, and therefore the claims against these defendants should be dismissed pursuant to FRCP 12 (b) (6).

8.

To the extent plaintiff seeks punitive damages against any defendants in their official capacities, such damages are barred for the purposes of 42 U.S.C. 1983.

9.

To the extent plaintiff's allegations may be interpreted to assert a claim against any defendants in their individual capacities, they are entitled to qualified immunity for the purposes of 42 U.S.C. 1983 liability. Therefore, the original and amended complaints fail to state a claim for which relief can be granted, and should be dismissed pursuant to FRCP 12 (b) (6).

10.

Claims against Louisiana defendants relating to plaintiff's 1998 conviction are time-barred, along with any claims for acts or omissions prior to the date of filing suit, April 20, 2007..

11.

To the extent Plaintiff is seeking to challenge any prison administrative or disciplinary actions, plaintiff's complaint and amended complaint do not demonstrate that he has properly exhausted his administrative remedies as required by law.

**WHEREFORE**, for the foregoing good cause shown, and as more fully discussed in the Memorandum in Support this Motion to Dismiss filed concurrently herewith, defendants the State of Louisiana, Governor Kathleen B. Blanco, the Louisiana Pardon Board, the Louisiana Supreme Court, the Louisiana First Circuit Court of Appeal and the 20th Judicial District Court of the State of Louisiana pray that their motion be granted, and that the claims against them be dismissed pursuant to FRCP 12.

Respectfully submitted,

**CHARLES C. FOTI, JR.**
**ATTORNEY GENERAL**
**STATE OF LOUISIANA**


**BY:_____/s   Patricia H. Wilton_____**
     **PATRICIA H. WILTON (La. Bar No. 18049)**
     **DAVID G. SANDERS (La. Bar No. 11696)**
     **ASSISTANT ATTORNEYS GENERAL**

**Louisiana Department of Justice**
**1885 North 3rd Street**
**Baton Rouge, Louisiana 70804-9005**
**Telephone:     225-326-6300**
**Facsimile:     225-326-6490**

*Counsel for the State of Louisiana, Governor Kathleen B. Blanco, the Louisiana Pardon Board, the Louisiana Supreme Court, the Louisiana First Circuit Court of Appeal and the 20th Judicial District Court of the State of Louisiana*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion To Dismiss has been filed using the Court's CM/ECF system, and notice of filing has been served parties in accordance therewith, and that a copy of the Notice of Filing and the Motion to Dismiss has been on all *pro se* parties by mailing same via United States First Class mail, postage prepaid.

Baton Rouge, Louisiana, this 19th day of July, 2007.

**Telly Guillory**
**#320441**
**Camp-C Jaguar 1-R-16**
**Louisiana State Penitentiary**
**Angola, LA 70712**

_____/s____Patricia H. Wilton_____
**PATRICIA H. WILTON**

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**TELLY GUILLORY,**
         **Plaintiff**

         **v.**                                **Civil Action 07-00780 (HHK)**

**GEORGE W. BUSH, JR., et al.,**
         **Defendants**

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF THE STATE OF LOUISIANA, GOVERNOR KATHLEEN B. BLANCO, THE LOUISIANA PARDON BOARD, LOUISIANA SUPREME COURT, THE LOUISIANA FIRST CIRCUIT COURT OF APPEAL and THE LOUISIANA 20TH JUDICIAL DISTRICT COURT

**MAY IT PLEASE THE COURT:**

The State of Louisiana, Governor Kathleen B. Blanco, the Louisiana Pardon Board, the Louisiana Supreme Court, the Louisiana First Circuit Court of Appeal and the 20th Judicial District Court of the State of Louisiana, through undersigned counsel, submit this memorandum of points and authorities in support of their motion to dismiss plaintiff's original and amended complaints on various grounds enumerated in FRCP 12. For the reasons more fully discussed herein, defendants show that the instant claims should be dismissed in their entirety as to these defendants.

### INTRODUCTION AND BACKGROUND FACTS

Plaintiff is an inmate at the Louisiana State Penitentiary at Angola, Louisiana. He has sued, *inter alia*, the State of Louisiana, the Louisiana Pardon Board[1], the Louisiana

---

[1] Plaintiff's recitation of "Parties" in his Complaint includes the Louisiana Pardon Board as an "administrative agency" and also purports to name as defendants the Board's "current and active

6

Supreme Court[2], the Louisiana First Circuit Court of Appeal[3], the 20th[th] Judicial District Court of the State of Louisiana[4] and Governor Kathleen B. Blanco in her official capacity. Plaintiff alleges federal question jurisdiction. He seeks monetary, declaratory and injunctive relief for alleged actions relating to his 1998 conviction for aggravated battery on a correctional officer. (Plaintiff's Complaint, "Statement of the Case") Plaintiff unsuccessfully appealed his conviction, and thereafter, for the past nine years, according to his complaint, has filed various state and federal pleadings seeking post conviction relief, all of which were denied. (Complaint, "Statement of the Case") Since Plaintiff's claims have been rejected as non-meritorious by the state and federal courts of Louisiana, Plaintiff has now chosen to attempt to bring his claims before this Court.

In addition to his general allegations regarding his conviction and the disposition of his requests for post-conviction relief, Plaintiff also complains about certain administrative and disciplinary actions within the prison (amended complaint) paragraphs 14-16), statements made to him by guards (amended complaint paragraph 17), and makes extended allegations regarding a disciplinary incident in which his pleading contains a judicial admission of violation of prison rules and regulations and also

---

members…in their official and individual capacity." Plaintiff's failure to identify specific actors renders the attempt to sue individual members invalid and legally insufficient to state a cause of action.

[2] Plaintiff purports to sue the Louisiana Supreme Court as a "judicial agency" and its "current and active members…in their official capacity." (Plaintiff's Complaint, "Parties") Plaintiff's failure to identify specific actors renders the attempt to sue individual members invalid and legally insufficient to state a cause of action.

[3] The Complaint asserts claims against the First Circuit Court of Appeal as a "judicial agency" and "its current members…in their official capacity." (Plaintiff's Complaint, "Parties") Plaintiff's failure to identify specific actors renders the attempt to sue individual members invalid and legally insufficient to state a cause of action.

[4] The Complaint asserts claims against the 20th[th] Judicial District Court as a "judicial agency" and "its current members…in their official capacity." (Plaintiff's Complaint, "Parties") Plaintiff's failure to identify specific actors renders the attempt to sue individual members invalid and legally insufficient to state a cause of action.

judicially admits an intentional attempt to harm correctional officers engaged in the justified performance of their lawful duties  (amended Complaint paragraphs 18, et seq.) Plaintiff's motion for an entry of default judgment against the Louisiana First Circuit Court of Appeal was denied as premature. (Doc. No. 7.)

## LAW AND ARGUMENT

## I.    SERVICE OF PROCESS WAS DEFECTIVE

The record (Doc. 5) reflects that plaintiff mailed a copy of his lawsuit to the First Circuit Court of Appeal.  The Louisiana Supreme Court and the 20th Judicial District Court for the State of Louisiana also received a copy of the lawsuit by mail.  Attempted service by simply mailing a copy of a lawsuit to a state entity defendant is insufficient under both Louisiana and federal law.

Federal Rule of Civil Procedure 4 governs service of complaints.  Subpart 4 (j) (2) dictates the requirements for service on state entities.  That rule requires personal service on the state.   Service by certified mail is not valid.  Jurisprudence holds that "delivering a copy" means personal service, not certified mail.    *Gilliam v. County of Tarrant*, 94 Fed. Appx. 230, C.A.5 (Tex.) (2004).  See also, *Peters v. United States*, 9 F.3d 344, 345 (5th Cir.1993).   Therefore, the purported service via certified mail on the defendants herein is defective and invalid, and plaintiff's claims against these defendants should be dismissed pursuant to FRCP 12 (b) (5).

To the extent plaintiff's original and amended complaints attempts to join as defendants any individual members of the Louisiana Supreme  Court, the Louisiana First Circuit Court of Appeal, the Louisiana Pardon Board or the Louisiana 20th Judicial District Court, Subparagraph  4(e) provides that service upon individuals within a judicial

district of the United States may be made pursuant to the laws of the state in which the district court is located or of the state in which service is effected, by personal service on the defendant, by leaving copies of the summons and complaint at the defendant's "dwelling house or usual place of abode" or by delivering a copy of the summons and complaint to "an agent authorized by appointment or by law to receive service of process."[5]  Although plaintiff's original and amended complaints do not validly state a cause of action against any individual, and no judgment could be rendered against any party not specifically and individually named, nonetheless it is likewise clear that to the extent Plaintiff imagines that he has adequately joined individual members of any state agency or juridical body herein, he clearly has not effected proper service on any of them, and therefore his claims against them would be required to be dismissed under FRCP 4(e).

Service by mail is equally defective under Louisiana law. The pertinent provisions of Louisiana law regarding service of process are found in the Louisiana Code of Civil Procedure, Articles 1231 through 1235.

La C.C.P.  Art. 1231 provides that service of process may be either personal or domiciliary.  La. C.C.P. Art. 1232 and Art. 1233 establish that *personal service* is accomplished by tendering the citation directly to the person being served at any place where he may be lawfully found.  La. C.C.P. Art. 1234 describes the requirements of valid domiciliary service as follows:

> "**Art. 1234.  Domiciliary Service**
>
> Domiciliary service is made when a proper officer leaves the citation or other process *at the dwelling house or usual place of abode* of the person to be served with a person of

---

[5] FRCP 4 (e) (1)-(2).

suitable age and discretion residing in the domiciliary establishment."[6]

Finally, La. C.C.P. Art. 1235 provides for service on a person who is represented by another by appointment of court, operation of law, or mandate, through personal or domiciliary service on such representative. Thus, the attempted service of process via certified mail as to any defendant herein was insufficient under Louisiana law.

## II.    THE LOUISIANA FIRST CIRCUIT COURT OF APPEAL AND THE 20TH JUDICIAL DISTRICT COURT OF THE STATE OF LOUISIANA DO NOT HAVE PROCEDURAL CAPACITY TO BE SUED

Pursuant to the Louisiana Civil Code, the Supreme Court of Louisiana, and the Louisiana Revised Statutes, the Louisiana First Circuit Court of Appeal and the 20th Judicial District Court lack the procedural capacity to sue or be sued.

A court may dismiss a party to a suit who is not a legal entity. *Ramsey v. Signal Delivery Services, Inc*., 631 F.2d 1210, 1212 (5th Cir. 1980); *Burge v. Parish of St. Tammany*, 97-30241 (La.App. 5th Cir. 8/25/99); 187 F.3d 452.

The Louisiana Civil Code states that there are two kinds of persons: natural and juridical. A natural person is a human being; a juridical person is an entity to which the law attributes personality. La. Civ. Code art. 24. Quite obviously, neither the Louisiana First Circuit Court of Appeal nor the 20th Judicial District Court are human beings. Thus in order to have procedural capacity, they would have to legally constitute a juridical person. Generally, a juridical person's legal capacity is "governed by provisions in its character, governing legislation, and customs." *Id*. Revision Comment (d).

In order to determine whether a governmental entity is a juridical person, therefore being capable of being sued, the Supreme Court of Louisiana stated that:

---

[6] La. C.C.P. Art. 1234 (emphasis added).

The important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate governmental unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other governmental entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 *Sands & Libonati*, § 2.18 and authorities cited therein, §§ 2.19, 2.20. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do. 1 *Sand & Libonati* § 2.02.

*Roberts v. Sewerage and Water Board of New Orleans*, 92-2048, p. 10 (La. 3/21/04); 634 So.2d 341, 346-47.

Therefore, under La. Civ. Code art. 24, 24 (d), and the *Roberts* decision, the most crucial determining question is whether legal capacity is granted by Louisiana law to the Louisiana First Circuit Court of Appeal or the 20th Judicial District Court to sue or be sued. Absent this authority from Louisiana law, these two courts lack the proper legal procedural capacity.

Courts of Appeal are created by the Louisiana Constitution in Article 5 §§ 8-13. District courts are created by the Louisiana Constitution in Article 5 §§ 14-17. These articles do not declare the appellate or district courts to be independent juridical persons, nor give them the proper legal capacity to sue or be sued. Therefore, under the Louisiana Constitution, the Louisiana First Circuit Court of Appeal and the 20th Judicial District Court may not be sued in the case at bar.

Inmates frequently name judicial district courts as defendants, but the real party at interest is a particular judge. See, for example, *St. Amant v. 19th Judicial District Court*, 94-0567 (La. 9/3/96), 678 So.2d 536; *Marler v. 22nd Judicial District Court*, 93-2394

(La.App. 1st Cir. (1/10/94), 645 So.2d 821; *State ex rel Leblanc v. 19th Judicial District Court*, 606 So.2d 527 (La. 1992).

Therefore, according to Louisiana law cited above, the Louisiana  First Circuit Court of Appeal and the 20th  Judicial District Court are not an independent juridical persons and do not have the necessary legal capacity to sue or be sued.

## III.  THE PLAINTIFF'S STATE LAW CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT

The plaintiff's original and amended complaints makes state law claims against the defendant state entities and state actors in their official capacities. Such allegations are barred by the Eleventh Amendment and should, therefore, be dismissed for lack of subject matter jurisdiction.

### A.    The Law on Eleventh Amendment Immunity

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits brought against it in federal court by her own citizens.[7]  The Eleventh Amendment bars suit against a state entity, as opposed to a state official, regardless of whether money damages or injunctive relief is sought.[8]  This immunity applies irrespective of the relief sought and irrespective of whether jurisdiction is asserted under the court's original or pendent jurisdiction.[9]  Accordingly, unless the Eleventh Amendment has been abrogated or waived, it applies to all of plaintiff's claims for recovery against defendants in their official capacities under state law.

---

[7] *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 1122 (1996).
[8] *Seminole*, 116 S.Ct. at 1124; *Cory v. White*, 457 U.S. 85, 102 S.Ct. 2325 (1982)
[9] *Oneida County, N.Y. et al. v. Oneida Indian, etc., et al.,* 470 U.S. 226, 105 S.Ct. 1245, 1260 (1985); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 917-19 (1984).

Congress may abrogate a state's Eleventh Amendment immunity when it acts "pursuant to a valid exercise of power."[10]  Congress has the power to abrogate a state's Eleventh Amendment immunity when enforcing the Fourteenth Amendment.[11]  In order to abrogate a State's Eleventh Amendment immunity, Congress must unequivocally express its intent to abrogate the immunity.[12]  Congress has not done so as to claims brought under 42 U.S.C. 1983.[13]

Thus, absent its consent, a state is entitled to Eleventh Amendment immunity from suit in federal court brought under § 1983.  Louisiana has expressly refused to waive its Eleventh Amendment immunity from suit in federal court.[14]

**B.    This case is controlled by the Supreme Court's decision in *Pennhurst***

This case is controlled by the Supreme Court's decision in *Pennhurst State School and Hospital v. Halderman.*[15]  In *Pennhurst,* the Supreme Court reviewed a lower court injunction against Pennsylvania state officials that was based solely upon Pennsylvania state law.  The Supreme Court reversed, finding that the state law based injunction was barred by the state officials' assertion of Eleventh Amendment immunity.

The Supreme Court rejected, as inapplicable in a suit against state officials based upon state law, the distinction between prospective (*i.e.* injunctive) and retroactive (*i.e.* monetary) relief set forth in cases such as *Ex parte Young*[16] and *Edelman v. Jordan*[17] stating:

---

[10] *Seminole*, 116 S.Ct. at 1123.
[11] *Seminole*, 116 S.Ct. at 1125; *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976).
[12] *Seminole,* 116 S.Ct. at 1123
[13] *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 1147 (1979).
[14] La. R.S. 13:5106; *Delahoussaye v. City of New Iberia,* 937 F.2d 144, 147 (5 Cir. 1991).
[15] *Pennhurst, supra.*
[16] 209 U.S. 123, 28 S.Ct. 441 (1908).
[17] 415 U.S. 651, 94 S.Ct. 1347 (1974).

> This need to reconcile competing interests is wholly absent,
> however, when a plaintiff alleges that a state official has
> violated *state* law. In such a case, the entire basis for the
> doctrine of *Young* and *Edelman* disappears.   A federal
> court's grant of relief against state officials on the basis of
> state law, *whether prospective or retroactive*, does not
> vindicate the supreme authority of federal law.   On the
> contrary, it is difficult to think of a greater intrusion on
> state sovereignty than when a federal court instructs state
> officials on how to conform their conduct to state law.
> Such a result conflicts directly with the principles of
> federalism that underlie the Eleventh Amendment.[18]

The Supreme Court then held:

"We concluded above that a claim that state officials violated state law in carrying

out their official responsibilities is a claim against the State that is protected by the

Eleventh Amendment."  See *supra* at 908.   "We now hold that this principle applies as

well to state-law claims brought into federal court under pendent jurisdiction."[19]

Accordingly, the Supreme Court found that the defendant state officials were

entitled to Eleventh Amendment immunity from the state law based injunction.

Applying *Pennhurst* to the case at hand, it is clear that the defendant State, state

juridical bodies and state employees, to the extent sued in either their official or

individual capacity, are entitled to Eleventh Amendment immunity from Plaintiff's state

law damage claims.

---

[18] *Pennhurst*, 104 S.Ct. at 911 (emphasis supplied).
[19] *Pennhurst*, 104 S.Ct. at 919.   The codification of the jurisprudential rules of pendent jurisdiction in 28 U.S.C. 1367 does not change this holding.

## IV.  THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS SUIT UNDER THE *ROOKER-FELDMAN* DOCTRINE

This Court lacks subject matter jurisdiction over this suit under the *Rooker*[20]-*Feldman*[21] doctrine because it is a collateral attack on the state court judgment(s) relating to plaintiff's criminal conviction.

### A.  Standard of Review

The burden of establishing the subject matter jurisdiction of this Court lies upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Insurance Company of America*, 114 S. Ct. 1673, 1675 (1994).

### B.  The *Rooker-Feldman* doctrine

Federal district courts lack jurisdiction to entertain collateral attacks on state court judgments.  *United States v. Shepher*, 23 F.3d 923,924 (5th Cir. 1994); *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994), cert. denied, 115 S. Ct. 271 (1994), reh'g denied, 115 S. Ct. 626.

Constitutional questions arising in state proceedings are to be resolved by the state courts.  If a state trial court errs, the judgment is not void.  Rather, it is to be reviewed and corrected by the appropriate state appellate court.  Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.   The casting of a complaint in the form of a civil rights action cannot circumvent this rule. *Id.*

---

[20] *Rooker v. Fidelity Trust Co.*, 44 S. Ct. 149, 150 (1923).

[21] *District of Columbia Court of Appeals v. Feldman*, 103  S. Ct. 1303, 1314-15 (1983).

A federal complaint cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. *Shepherd*, 23 F.3d at 924. A federal court lacks jurisdiction over claims that could have been raised in the state court proceeding but were not. *Musslewhite v. State Bar of Texas*, 32 F. 3d 942, 046, n. 15 (5th Cir. 1994), cert. denied, 115 S. Ct. 2248 (1995). When a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary. *Pennzoil Co. v. Texaco, Inc.*, 107 S. Ct. 1519, 1528 (1987).

If the district court is confronted with issues that are "inextricably intertwined" with a state court judgment, the court is "in essence being called upon to review the state-court decision." *Shepherd*, 23 F. 3d at 924, citing *Feldman*, 103 S. Ct. at 1315, n. 16. A general constitutional attack that is "inextricably intertwined" with a state court judgment cannot properly be heard in federal court. *Musslewhite*, 32 F. 3d at 946.

### C.    Underlying state court action

In this case, plaintiff was convicted of aggravated battery on a correctional officer. His cause of action is based solely on his state court criminal conviction and the subsequent rulings of other state and federal courts on his post-conviction pleadings. All of plaintiff's previous filings have been unsuccessful. Having no other recourse in the courts of Louisiana, state or federal, plaintiff filed this suit in the District of Columbia to collaterally attack the rulings of, *inter alia*, the Louisiana state courts. Under the *Rooker-Feldman* doctrine, he may not raise these complaints in any federal district court. He has exhausted his state appellate remedies. To the extent that there are any federal issues,

federal relief is limited to seeking review in the Supreme Court of the United States. *Liedtke v. State Bar of Texas*, 18 F. 3d at 317.

Accordingly, under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over plaintiff's complaint against the defendants herein and it should be dismissed pursuant to FRCP 12 (b) (1).

## V.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST ANY INDIVIDUAL DEFENDANTS

To state a claim under 42 U.S.C. 1983, plaintiff must show that the defendant was "personally and directly involved" in the alleged wrongful acts. *Atherton v. District of Columbia Office of the Mayor,* 04-0680, 2007 WL 1041659 (D.D.C. 4/5/2007), citing *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993). A plaintiff may not recovery under theories of r*espondeat superior* or vicarious liability, *Graham v. Davis,* 880 F. 2d 1414, 1421 (D.C. Cir. 1989) (citations omitted). Therefore, a plaintiff must allege facts (1) reflecting each defendant's participation in the alleged wrong, (2) specifying the personal involvement of each defendant and (3) alleging a cognizable constitutional violation to avoid dismissal for failure to state a claim. *Jacques v. Procunier*, 801 F. 2d 789, 793 (5th Cir. 1986), *Mills v. Criminal District Court*, 837 F. 2d 677, 678 (5th Cir. 1988).

There must be a direct causal link between the alleged constitutional deprivations and the official conduct by the defendant causing the deprivations. In alleging the requisite causal connection, the plaintiff cannot merely rely on conclusory allegations. *Atherton, supra; Kowal v. MCI Communications Corp.,* 16 F. 3d. 1271, 1276 (D.C. Cir. 1994); *Schultea v. Wood*, 47 F. 3d 1427, 1433 (5th Cir. 1995).

In this case, plaintiff's original and amended complaints do not even bother to name any individual "state actor" defendant other than Governor Blanco, who is sued in her official capacity only.  The original and amended complaints are devoid of specific factual allegations against any individual defendant which would impose liability upon then, and thus fail to state a claim upon which relief can be granted.

## VI.   THIS COURT LACKS PERSONAL JURISDICTION OVER ANY INDIVIDUAL DEFENDANTS

Plaintiff fails to adequately identify any purported named defendant herein other than Governor Blanco, and plaintiff has not validly served any defendant whatsoever. Plaintiff has also failed to allege any basis for the exercise of personal jurisdiction over any party in the District of Columbia, as all acts or omissions complained of occurred in the State of Louisiana, and neither the plaintiff nor any of the defendants have any relationship to the District of Columbia which would support the exercise of personal jurisdiction in this matter.

The Court's right to exercise personal jurisdiction, as dictated by the U.S. Supreme Court, "…is limited by the principle that it is 'essential that there be some act by which [they] purposefully avail[ed] [themselves] of the privilege of conducting activities within [the District of Columbia], thus invoking the benefits and protections of its laws.'"[22]  The plaintiff's Complaint fails to establish that any defendant herein had any contact with the District of Columbia sufficient to satisfy the requirement of "purposeful availment" conduct required for the exercise of personal jurisdiction.[23]  Furthermore,

---

[22] *Hanson v. Denckla*, 357  U.S. 235, 253, 78 S. Ct. 1228, 1240, 2 L. Ed. 1283 (1958).
[23] *Marsh v. Kitchen*, 480 F. 2d 1270 (2d Cir. 6/18/73).  There is no allegation that the moving defendants acted through agents to commit tortuous acts in Illinois, so the holding of *Marsh* provides guidance in this matter, notwithstanding later jurisprudence calling into question the *Marsh* conclusions regarding agency liability.

despite plaintiff's defective attempt to join any state officials in their individual capacities, plaintiff's original and amended complaints show clearly that all parties involved acted only in their official capacities with respect to the plaintiff, and therefore the exercise of personal jurisdiction over them as individuals would be improper.[24]

## VII.   CLAIMS AGAINST ANY INIDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES ARE NOT ACTIONABLE UNDER 42 U.S.C. 1983, AS THEY ARE NOT "PERSONS" FOR §1983 PURPOSES

Plaintiff's original and amended complaints purport to sue various individuals, identified only as "current and active members" of various state entities, in their individual and official capacities.  The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court; a suit against a state official in his official capacity is treated as a suit against the state.[25]  Neither a state nor its officials acting in their official capacities are "persons" under 42 U.S.C. 1983.[26]  Thus, it is clear that the plaintiff fails to state a claim under §1983 against any individual defendants in their official capacities.

## VIII.  PUNITIVE DAMAGES ARE NOT RECOVERABLE UNDER 42 U.S.C. 1983 AGAINST STATE OFFICIALS IN THEIR OFFICIAL CAPACITIES

To the extent Plaintiff seeks punitive damages from any defendants in their official capacities, he fails to state a claim for which relief may be granted under 42 U.S.C. 1983.[27]

---

[24] See *Ali v. District of Columbia*, 278 F. 3d 1, 349 U.S.  App. D.C. 327 (D.C. Cir. 1/29/02); *Kaufman v. U.S.*, 840  F. Supp. 641 (USDC E.D. Wis 12/22/93); *Islamic American Relief Agency v. Unidentified FBI Agents*, 394 F. Supp. 2d 34 (USDC D.C. 9/15/05); *Ibrahim v. District of Columbia,* 357  F Supp. 2d 187 (usdc D.C. 8/17/04).
[25] *Hafer v. Melo, et al.,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).
[26] *Will v. Michigan Department of State Police***,** 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).
[27] See 42 U.S.C. 1981a(b)(1).

## IX.    ALL JUDICIAL DEFENDANTS ARE ENTITLED TO JUDICIAL IMMUNITY

Plaintiff purportedly asserts a claim against members of the Louisiana Supreme Court, the Louisiana First Circuit Court of Appeal and the 20th Judicial District Court. Although his original and amended complaintsdo not identify any specific individual against whom a judgment could be rendered, or state any specific factual allegations against any individual actor which could form the basis for any such judgment[28], nonetheless the law is clear that any judicial defendants are entitled to absolute judicial immunity for purposes of 42 U.S.C. 1983 claims.

### A.    The Law on Absolute Immunity[29]

The United States Supreme Court has acknowledged the importance in protecting judges from "vexatious actions prosecuted by disgruntled litigants."[30]  A judge acting in his capacity enjoys absolute immunity when dealing with the Plaintiff, unless the judge acts in complete absence of all subject matter jurisdiction over the matter forming the basis for such liability.[31]  One cannot hold a judge liable in damages for judicial acts, even those done maliciously or corruptly, unless the judge acts in the clear absence of all jurisdiction or acts in a non-judicial role.[32]

---

[28] In order to impose personal liability on a defendant under Section 1983, the plaintiff must show that the defendant's actions somehow caused deprivation of the plaintiff's constitutional rights.  See generally, *Alton v. Texas A&M*, 168 F.3d 196, 200 (5th Cir. 1999).

[29] The jurisprudence of the Court of Appeals for the District of Columbia Circuit is in agreement with that of the 5th Circuit Court of Appeals cited herein.  See *Atherton, supra*, at p. *5.

[30] *Forrester v. White*, 108 S.Ct. 538, 540 (1988).

[31] *Mireless v. Waco*, 112 S.Ct. 286, 288 (1991); *Stump v. Sparkman*, 98 S.Ct. 1099, 1105 (1978).

[32] *Mireless*, 112 S.Ct. at 288; *Eitel v. Holland*, 787 F.2d 995, 998 (5 Cir. 1989); *John v. Kegans*, 870 F.2d 992, 995 (5 Cir. 1989).

In determining whether a judge's actions were "judicial in nature," the court considers four factors:

1.    whether the precise act complained of is a normal judicial function;

2.    whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers;

3.    whether the controversy centered around a case pending before the court; and

4.    whether the acts arose directly out of a visit to the judge in the judge's official capacity.[33]

Courts should construe the factors broadly and in favor of immunity, and "immunity should not be denied where the denial carries the potential of raising more than a frivolous concern in a judge's mind that to take proper action might expose the judge to personal liability."[34]  In some cases, immunity is to be afforded even though one or more of the *McAlester* factors are not present.[35]

To preclude immunity, a judge must act in absence of *all* jurisdiction; therefore, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for judicial immunity purposes.[36]  The Louisiana jurisprudence on judicial immunity mirrors the federal doctrine.[37]

## B.    Absolute Immunity Discussion

Plaintiff's original and amended complaints do not state any specific acts or omissions on the part of any single individual, but in any case, his pleadings make clear that all such acts would have been judicial in nature and performed in the course of

---

[33] *Malina v. Gonzales*, 994 F.2d 1121 (5 Cir. 1993); *reh'g denied.*, 1 F.3d 304, *citing McAlester v. Brown*, 469 F.2d 1280, 1282 (5 Cir. 1972).
[34] *Malina*, 994 F.2d at 1124.
[35] *Id.*
[36] *Id.* at 1125.
[37] *McCoy v. City of Monroe*, 32,521, p. 7 (La. App. 2 Cir. 12/8/99); 747 So. 2d 1234, 1241.

official duties. Thus, even if validly named and served, any judicial defendant would be entitled to absolute judicial immunity.

## X. ANY INIDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FOR CLAIMS AGAINST THEM IN THEIR INDIVIDUAL CAPACITES

To the extent Plaintiff's original and amended complaints can be read as validly naming any individual defendants in their individual capacities, which is denied, particularly members of the Louisiana Pardon Board, any such defendants are entitled to qualified immunity for purposes of 42 U.S.C. 1983 claims.

### A. The law on qualified immunity

Government officials, performing discretionary functions, "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[38] The protection afforded by the defense is an "immunity from suit, not simply immunity from liability. Consequently, the immunity issue must be resolved at the earliest possible stage of the litigation since it entails an entitlement to immunity from suit and not merely a defense to liability.[39]

Qualified immunity allows officials the freedom to exercise fair judgment, protecting "all but the plainly incompetent or those who knowingly violate the law."[40] A defendant is immune if reasonable public officials could differ on the lawfulness of the actions.[41] Officials are not expected to determine the manner in which the law's gray areas might be clarified or defined.[42]

---

[38] *Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2738 (1982)
[39] See *Hunter v. Bryant*, 112 S.Ct. 534, 536 (1991).
[40] *Malley v. Briggs*, 106 S.Ct. 1092, 1096 (1986).
[41] *Hassan v. Lubbock Independent School District*, 55 F.3d 1075, 1079 (5th Cir. 1995).
[42] *Davis v. Scherer*, 104 S.Ct. 3012, 3019-20 (1984).

The bifurcated test for qualified immunity is quite familiar:  (1) whether the plaintiff has alleged a violation of a clearly established constitutional right;  and, (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident.[43]

**First prong**:  The first step is to determine whether the plaintiff has alleged a "violation of a clearly established constitutional right"[44].  This is a "purely legal question" to be determined by the Court.[45]  The court uses "currently applicable constitutional standards to make this assessment."[46]  The plaintiff bears the burden of pleading such a violation of clearly established law.[47]

**Second prong**:  The second prong of the qualified immunity test is better understood as two separate inquiries:  whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law.[48]  The court must determine whether an alleged right was established with sufficient particularity that a reasonable official could anticipate his actions would violate that right.[49]  Objective reasonableness is a question of law for the court.[50]  The reasonableness

---

[43] *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 325 (5th Cir. 1998); *Harper v. Harris County*, 21 F.3d 597, 600 (5th Cir. 1994).

[44] *Hare*, 135 F.3d at 325-26; *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), cert. denied, 116 S.Ct. 800 (1996).

[45] *Siegert v. Gilley*, 111 S.Ct. 1789, 1793 (1991).

[46] *Hare*, 135 F.3d at 326

[47] See  *Mitchell v. Forsyth*, 105 S.Ct. 2806, 2815 (1985); *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994).

[48] *Hare*, 135 F.3d at 326.  See also *Woods*, 60 F.3d at 1164.

[49] *Anderson v. Creighton*, 107 S.Ct. 3034, 3039 (1987); *Davis v. Scherer*, 104 S.Ct. at 3019-20.

[50] *Hare*, 135 F.3d at 328.

of the conduct must be assessed in light of the law as it existed at the time of the conduct in question.[51]

**When is a right "clearly established"?:**  While it is not necessary that the very action in question has previously been held unlawful, the facts of the previous case need to be materially similar in order for the defendant to be denied qualified immunity.[52] For qualified immunity to be surrendered:

> pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances.[53]

The plaintiff herein disputes the actions of various state actors relative to his conviction and post conviction pleadings.  The Louisiana Supreme Court and the judges of the Louisiana First Circuit Court of Appeal and 20th Judicial District Court are immune from suit based on judicial immunity,  as discussed above. The plaintiff has made no allegations to show that any members of the Louisiana Pardon Board were not acting pursuant to law.  Moreover, there is no specific factual allegation to indicate that the actions of any defendants were not, at all times, objectively reasonable.  Thus, the plaintiff's original and amended complaints fail to allege sufficient facts that would support a claim that any defendants violated a clearly established constitutional right.  Further, under the "objectively reasonable" approach mandated by *Hare*, even if a constitutional right were implicated here, plaintiff's pleadings do not show that any such actions were not objectively reasonable.  Therefore, any purportedly named individual defendants herein are entitled to qualified immunity, and plaintiff fails to state a claim

---

[51] *Harper*, 21 F.3d at 601.
[52] *Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997).
[53] *Sorenson v. Ferrie*, 134 F.3d 325, 330 (5th Cir. 1998), citing, *Pierce*, 117 F.3d at 882.

against them in their individual capacities for which relief may be granted under 42 U.S.C. 1983.

## XI.     PLAINTIFF'S CLAIMS ARE TIME-BARRED

A statute of limitations may support dismissal where there is evidence from plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling.  *James v. Alcoa, Inc.,* 339 F. 3d 359, 366 (5th Cir. 2003).  In Louisiana, the applicable prescriptive period for Sec. 1983 claims is one year.  *Hawkins v. McHugh*, 46 F. 3d 10, 12 (5th Cir. 1995).  The allegations in Plaintiff's Complaint relate to his 1998 aggravated battery conviction and various post trial pleadings over the subsequent nine years.  The last act specified by plaintiff against the State or any of the juridical bodies sued herein appears to have been in 2002.  Accordingly, all claims against the State of Louisiana, the state judiciary, the Louisiana Pardon Board and any individual state actors relating to acts or omissions occurring more than one year prior to the filing of suit on April 20, 2007 are time-barred on the face of the pleadings.

## XII.     VENUE IS IMPROPER IN THIS COURT

Plaintiff claims violations of his constitutionally protected civil rights as a result of alleged wrongful acts or omissions by defendants.  Plaintiff invokes the jurisdiction of this Court based on a cause of action arising under federal question; thus, proper venue is governed by 28 U.S.C.A. 1391 (b), which provides that such action may be brought only where any or all defendants reside[54], or where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property at issue is situated.  It is self-evident from the plaintiff's original and amended complaints that

---

[54] Plaintiff's naming of President Bush as a defendant is no doubt an attempt to manufacture venue where none legally exists, and the Court is entitled to disregard this frivolous assertion when determining this venue objection.

venue is not proper as to the moving defendants herein in the District of Columbia.    The named defendants are the State of Louisiana, its judiciary, a state agency and certain state officials.  None of the purported individual defendants reside in the District of Columbia. All alleged acts and/or omissions took place in Louisiana.  The only reason Plaintiff has filed his suit in the District of Columbia is that his repeated non-meritorious pleadings in Louisiana state and federal courts have been consistently unsuccessful.  There simply is no valid ground upon which to assert that venue in this matter is proper in the District of Columbia, and the plaintiff's original and amended complaints pending in this Court should be dismissed.

## XIII.    PLAINTIFF   HAS   NOT   ADEQUATELY   PLED   THAT   HE   HAS EXHAUSTED HIS ADMINSTRATIVE REMEDIES

Plaintiff's   amended   complaint   references   certain   administrative   and/or disciplinary actions and events involving Plaintiff.   To the extent Plaintiff seeks to incorporate any of these allegations or events into his original complaint as a basis for recovery or relief herein, his pleadings are legally insufficient to state a claim at this time. The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "no action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted,"[55] (emphasis added). The United States Supreme Court has held that the PLRA's Exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.[56]

---

[55] 42 U.S.C. §1997e(a) and *Richardson v. Suprlock*, 260 F.3d 495 (5th Cir. 2001).
[56] *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).

The United States Supreme court has further held that an inmate must exhaust regardless of the forms of relief sought and offered through administrative avenues.[57] "Quibbles about the nature of prisoner's complaint, the type of remedy sought, and the sufficiency of breadth of prison grievance procedures were laid to rest in *Booth*."[58]

The PLRA made exhaustion mandatory, rather than discretionary[59] and precludes an inmate from filing suit while the administrative complaint is pending.[60] Inmates must pursue all levels of administrative review to satisfy §1997e(a)[61] and all levels of administrative review must be completed before suit is filed. The PLRA does not permit an inmate to file first and exhaust remedies later.[62] In this circuit, inmates must strictly comply with all administrative requirements, and failure to follow established procedures,[63] or to complete all levels of administrative review[64] are all fatal to a prison's case. Post filing exhaustion will not satisfy §1997e(a)[65]. "Under the PLRA and this Court's precedent, [the plaintiff must] exhaust the administrative remedies the Louisiana Legislature established for the prison system.[66] When Congress clearly has required exhaustion, as in amended §1997e(a), the Fifth Circuit will enforce that requirement to effectuate Congress' purpose of discouraging frivolous prisoner litigation from reaching the federal courts.[67]

---

[57] *Booth v. Churner*, 532 U.S. 731, 741 n.6, 121 S.Ct. 1819, 1825 n.6 (2001).

[58] *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

[59] *Porter*, 534 U.S. at 524, 122 S.Ct. at 988.

[60] *Underwood v. Wilson*, 151 F.3d 292, 293-94 (5th Cir. 1998); *Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999), citing *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998).

[61] *White v. McGinnis*, 131 F.3d 593 (6th Cir. 1997) *Morgan v. Arizona Dept. of Corrections*, 976 F.Supp. 892, 895 (D. Ariz. 1997); *Ahmed v. Sromovski*, 103 F.Supp.2d 838, 843 (E.D. Pa. 2000).

[62] *Walker v. Birkett, et al.,* 2002 WL 418018 (E.D. Mi. March 18, 2002) citing *Freeman v. Francis*, 169 F.3d 641, 645 (6th Cir. 1999).

[63] Richardson v. Spurlock, 260 F.3d 495, 499-500, (5th Cir. 2001).

[64] *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995).

[65] *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980 (1993); *Richardson, supra.*

[66] *Harris, supra.,* citing *Wendell*, 162 F.3d at 892.

[67] *Wendell*, 162 F.3d at 890-91.

A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and appropriate follow-up procedures have occurred or the prison official's time for responding has elapsed without response (if applicable regulations impose a time limit.).[68]  The United States Supreme Court has noted that claims of futility are irrelevant because the test of §1997e(a) makes exhaustion mandatory without regards to the efficacy of the remedies at issue.[69]  Even when such an argument is considered conclusory allegations of bias, delay, or non-responsiveness are not generally accepted as excuses for non-compliance with §1997e(a).[70]

Further, in order to exhaust administrative remedies under §1997e(a), a prisoner must file a grievance against the person he ultimately seeks to sue in order to alert prison officials to possible problems with that person.[71]

In this circuit, a prisoner must plead and prove exhaustion at the outset of his case.  Plaintiff's complaint and amended complaint in this matter do not do so.  The ARP process is mandatory, *i.e.*, inmates are required to use the procedure <u>before</u> they can proceed to suit in Federal and State Court.[72]  Plaintiff has failed to adequately exhaustion of his prison administrative remedies as required by 42 U.S.C. §1997e(a) <u>before</u> he filed suit concerning the claims(s) raised in his amended complaint. Therefore, any claims or cause of action related thereto or based thereon may not be presented to this Court at this time and must be dismissed.

---

[68] *Powe v. Ennis,* 177 F.3d 393, 394 (5th Cir. 1999).
[69] *Porter, supra,* citing *Booth,* 532 U.S. at 739, n. 6, 121 S.Ct. at 1825, n. 6.
[70] *Dellis v. Corrections Corp of America,* 257 F.3d 508, 511, n. 2 (6th Cir. 2001); *Massey v. Hellman*, 259 F.3d 641, 647-648 (7th Cir. 2001).
[71] *Curry v. Scott,* 249 F.3d 493, 504-05 (6th Cir. 2001); *Gibbs v. Bolden*, 151 F.Sup.2d 856-57 (E.D. Mich. 2001).
[72] Exhibit A

## CONCLUSION

Defendants respectfully suggest that this Court lacks subject matter jurisdiction over the claims herein and lacks personal jurisdiction over any individual defendants. Venue is improper in this Court and no valid service of process has occurred. The claims against Louisiana defendants are time-barred. For any or all of these reasons, Plaintiff's claims should be dismissed, in their entirety, which prejudice at Plaintiff's cost, against the State of Louisiana, Governor Kathleen B. Blanco, the Louisiana Pardon Board, the Louisiana Supreme Court, the Louisiana First Circuit Court of Appeal and the 20th Judicial District Court of the State of Louisiana.

Respectfully submitted,

**CHARLES C. FOTI, JR.**
**ATTORNEY GENERAL**
**STATE OF LOUISIANA**


BY:_____/s   Patricia H. Wilton_____
   **PATRICIA H. WILTON (La. Bar No. 18049)**
   **DAVID G. SANDERS (La. Bar. No. 11696)**
   **ASSISTANT ATTORNEYS GENERAL**

**Louisiana Department of Justice**
**1885 North 3rd Street**
**Baton Rouge, Louisiana 70804-9005**
**Telephone:    225-326-6300**
**Facsimile:    225-326-6490**

*Counsel for the State of Louisiana, Governor Kathleen B. Blanco, the Louisiana Pardon Board, the Louisiana Supreme Court, the Louisiana First Circuit Court of Appeal and the 20th Judicial District Court of the State of Louisiana*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of Points and Authorities in Support of Motion To Dismiss has been filed using the Court's CM/ECF system, and notice of filing has been served parties in accordance therewith, and that a copy of the Notice of Filing and the Motion to Dismiss has been on all *pro se* parties by mailing same via United States First Class mail, postage prepaid.

Baton Rouge, Louisiana, this 19th day of July, 2007.

**Telly Guillory**
**#320441**
**Camp-C Jaguar 1-R-16**
**Louisiana State Penitentiary**
**Angola, LA 70712**

_____/s____Patricia H. Wilton_____
**PATRICIA H. WILTON**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**TELLY GUILLORY,**
                    **Plaintiff**

            **v.**                                **Civil Action 07-00780 (HHK)**

**GEORGE W. BUSH, JR., et al.,**
                    **Defendants**

                        **ORDER**

     **CONSIDERING** the Motion to Dismiss on Behalf of the State of Louisiana, Governor Kathleen B. Blanco, the Louisiana Pardon Board, the Louisiana Supreme Court, the Louisiana First Circuit Court of Appeal and the 20th Judicial District Court of the State of Louisiana and finding good cause for same;

     **IT IS ORDERED, ADJUDGED AND DECREED** that the Defendants' Motion be and is hereby **GRANTED**, and Plaintiff's Claims against the State of Louisiana, Governor Kathleen B. Blanco, the Louisiana Pardon Board, the Louisiana Supreme Court, the Louisiana First Circuit Court of Appeal and the 20th Judicial District Court of the State of Louisiana are hereby **DISMISSED**, in their entirety, with prejudice, at Plaintiff's cost.

     Signed at _____, this _____ day of _____, 2007.

                _____
                UNITED STATES DISTRICT COURT JUDGE

PARTIES TO RECEIVE NOTICE

Telly Guillory
#320441
Camp-C Jaguar 1-R-16
Louisiana State Penitentiary
Angola, LA 70712

Patricia H. Wilton
David G. Sanders
Assistant Attorneys General
Louisiana Department of Justice
1885 North 3rd Street
Baton Rouge, Louisiana 70804-9005