UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TELLY GUILLORY,<br><br>               Plaintiff,<br><br>    v.<br><br>GEORGE W. BUSH, JR., et al.,<br><br>              Defendants. | Civil Action 07-00780 (HHK) |

**MEMORANDUM OPINION**

Telly Guillory, a Louisiana state prisoner who is proceeding *pro se*, has filed this action against President Bush, certain federal courts, Governor Blanco of Louisiana, and certain Louisiana state courts. The principal relief that he seeks is a declaration by this Court that his conviction in a Louisiana state court for assaulting a prison guard is invalid and that his sentence is illegal. He also seeks $25,000,000 in punitive damages. Pages two and three of the complaint state that he is suing the federal defendants in their official capacities, but there is also a statement at the end of page three that all the defendants are being sued in their individual capacities for damages. The lengthy complaint sets forth all of the post-conviction relief that plaintiff has sought, unsuccessfully, through the Louisiana courts and the federal courts.

Before the court are the motions of the Louisiana defendants and the federal defendants to dismiss plaintiff's complaint and plaintiff's motion for leave to amend his complaint. Upon consideration of the motions, the opposition thereto, and the record of this case, the court concludes that defendants' motions must be granted and plaintiff's motion must be denied as futile.

The complaint must be dismissed for the following reasons: (1) judges enjoy absolute immunity from civil claims when the complaint, as here, challenges actions taken as part of their official duties, *Butz v. Economou*, 438 U.S. 478, 511 (1978); *Pierson v. Ray*, 386 U.S. 547, 554 (1967); (2) the President is entitled to absolute immunity for any action taken in the course of his official duties, *Clinton v. Jones*, 520 U.S. 681, 693 (1997); (3) neither a state nor its officials acting in their official capacities are "persons" capable of suit under 42 U.S.C. § 1983 for money damages, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); (4) the complaint fails to state a claim against officials sued in their personal capacities under § 1983 who are entitled to qualified immunity because there are no allegations that the officials' conduct "violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known," *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); (5) under the *Rooker-Feldman* abstention doctrine, this court has no jurisdiction over actions which essentially seek "appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights," *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994); and (6) a state prisoner's claim for money damages arising out of his conviction or confinement must first be brought in habeas, *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (habeas is exclusive remedy if success of an action "would necessarily demonstrate the invalidity of confinement or its duration").  These insufficiencies appearing in the complaint would not be cured if plaintiff were permitted to amend his complaint.

Furthermore, the court notes that this suit is a frivolous action that fails to state a claim for relief, and thereby qualifies as "one strike" in the "three strikes" provision of the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(g).

A separate order of dismissal accompanies this memorandum opinion.

Henry H. Kennedy, Jr.
United States District Judge

Dated: September 4, 2007