# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 07-5326** **September Term 2007**

**07cv00780**

**Filed On:** May 19, 2008

Telly Guillory,

Appellant

v.

George W. Bush, et al.,

Appellees

MANDATE
Pursuant to the provisions of Fed. R. App.Pro.41(a)
ISSUED:
BY:
ATTACHED:
Amending Order
Opinion
Order on Costs

**BEFORE:** Sentelle, Chief Judge, and Garland and Brown, Circuit Judges

## ORDER

Upon consideration of the motion for summary affirmance, the Clerk's order, filed March 5, 2008, why the motion for summary affirmance should not be considered and decided without a response, and the response thereto; and the motion for appointment of counsel, it is

**ORDERED** that the order to show cause be discharged. It is

**FURTHER ORDERED** that the motion for appointment of counsel be denied. With the exception of defendants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court properly dismissed the President and judges because they are absolutely immune from liability for damages for actions taken in the course of their official capacities. See Clinton v. Jones, 520 U.S. 681 (1997) (absolute immunity for the President of the United States within the scope of any action taken in an official capacity); Mirales v. Waco, 502 U.S. 9 (1991) (absolute immunity for judges from damages for acts committed in their judicial capacities). The district court also properly dismissed appellant's claim inasmuch as a state prisoner's claims for money damages

A True copy:

United States Court of Appeals
for the District of Columbia Circuit

By: ________________ Deputy Clerk

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 07-5326** **September Term 2007**

arising out of his conviction or confinement must be preceded by a successful habeas action. See Anyanwutaku v. Moore, 151 F.3d 1053, 1056 (D.C. Cir. 1998) (citing Heck v. Humphrey, 512 U.S. 477 (1994)); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). It is

**FURTHER ORDERED**, on the court's own motion, that with respect to the district court's dismissal of appellant's claims against the remaining non-federal appellees, the order filed September 4, 2007, be summarily affirmed for the reasons stated above and because the district court lacks jurisdiction to review directly the actions of state courts. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**